SO ORDERED.

SIGNED this 31st day of July, 2018.



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

---

**Opinion Designated for Electronic Use, But Not for Print Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In Re:

**JOHN DAVID BOUCEK,**

       **DEBTOR.**

**JOHN D. BOUCEK,**

       **PLAINTIFF,**

v.

**RICHARD BOUCEK and DIANA
PECK, as Executors of the Estate of
Bernice E. Boucek, Deceased, Sued
Individually, and as Trustees of the
Clarence F. and Bernice E. Boucek
Irrevocable Trust, Dated July 15, 1996,
and as Successor Co-Trustees of the
Revocable Inter Vivos Trust of Bernice E.
Boucek, Dated August 3, 2004, and
JEANETTE ROBERG,**

       **DEFENDANTS.**

**CASE NO. 18-40249**
**CHAPTER 12**

**ADV. NO. 18-7018**

## MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS' MOTIONS FOR ABSTENTION AND REMAND

This adversary proceeding is a breach of trust and tort action removed by the Plaintiff-Debtor from the District Court of Ottawa County, Kansas. The Defendants move for abstention and remand.[1] Debtor opposes the Defendants' motions.[2] The Court has jurisdiction.[3]

Debtor appears by David R. Klaassen and Debra E. James. Defendants Richard Boucek and Diana Peck, in their various capacities, appear by Tom R. Barnes II and Todd A. Luckman. Defendant Jeanette Roberg appears by Edward J. Nazar. For the following reasons, the Court grants the Defendants' motions to abstain and remand the case to the state court.

## THE REMOVED PROCEEDING

Debtor filed this case in Ottawa County, Kansas District Court on September 6, 2006, against his mother, Bernice E. Boucek, individually; Bernice E. Boucek as the Trustee of the Clarence F. and Bernice E. Boucek Irrevocable Trust dated July 15, 1996; and Bernice E. Boucek as the Trustee of the Revocable Inter Vivos Trust of Bernice E.

---

[1] Docs. 4, 7 & 8.

[2] Docs. 11 & 13.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Prac. & Pro. at 193 (March 2018). There is no objection to venue or jurisdiction over the parties.

Boucek dated August 3, 2004 (the Breach of Trust Case).[4] His complaint alleges claims

based on a breach of a 1989 Will, a breach of trust regarding the 1996 Trust, and

constructive fraud.

**DEBTOR'S FACTUAL ALLEGATIONS RELATING TO THE BREACH OF TRUST CASE**

This proceeding and two other removed actions that are related to it[5] are facets of a

long-running dispute among Debtor, his parents, and his siblings regarding the

distribution of family assets. In his notice of removal, Debtor describes the background

of this case as follows.[6]

Debtor is one of four children of Clarence F. Boucek (Frank) and Bernice E.

Boucek (Bernice). Frank and Bernice's other children are Richard Boucek (Richard),

Jeanette Roberg (Jeanette), and Diana Peck (Diana). On April 22, 1989, Frank and

Bernice executed a joint, mutual, and contractual will (the 1989 Will) in which they

agreed that each would leave to the survivor all property owned by the first to die, and on

the death of the survivor, the survivor would leave all his or her property to their children,

including Debtor. On July 15, 1996, Frank and Bernice executed an irrevocable trust

agreement (the 1996 Trust). The distribution provisions of the 1996 Trust are similar to

those in the 1989 Will; however, only a portion of Frank and Bernice's property was ever

---

[4] Case no. 2006-CV-000022, District Court of Ottawa County, Kansas.

[5] Adversary no. 18-7014, *Bank of Tescott v. John D. Boucek, et al.* (The Foreclosure Case) and Adversary no. 18-7019, *John Boucek v. Richard Boucek and Diana Peck* (The Probate Case).

[6] Doc. 1 at 2-5.

3

transferred to the 1996 Trust.

On June 13, 1998, Frank died. Shortly thereafter, the 1989 Will was filed of record, but it was never probated.

On or about August 3, 2004, Bernice executed a revocable inter vivos trust (the 2004 Trust) that she created with the express intent to disinherit Debtor. It provided that all her property would pass to her children except Debtor. Also on or about August 3, 2004, Bernice executed a pour-over will that would transfer property to the 2004 Trust (the 2004 Will).

On September 8, 2004, in her individual capacity and without consideration, Bernice transferred six tracts of real estate that remained subject to the 1989 Will to herself as the sole trustee of the 2004 Trust. On the same date, as the sole remaining trustee of the 1996 Trust and without consideration, Bernice transferred two tracts of real property that remained subject to the 1996 Trust to herself as the sole trustee of the 2004 Trust.

On September 6, 2006, John filed his petition in this Breach of Trust Case against Bernice individually and as the trustee of the 1996 Trust and the trustee of the 2004 Trust. He asserted three claims: breach of the 1989 Will, breach of the 1996 Trust, and constructive fraud.

Bernice died on January 8, 2008. On January 8, 2008, Richard filed a petition for the appointment of himself as the special administrator of his mother's estate, thereby

4

commencing the Probate Case.[7]  He was appointed the same day and was substituted as

the defendant in the Breach of Trust Case.  On February 19, 2008, Debtor filed his

petition for probate of the 1989 Will in the Probate Case.  On the same date, Richard and

Diana filed their petition for probate of Bernice's 2004 Will in the Probate Case.  The

resulting will contest was resolved with the 2004 Will being admitted to probate.

Both the Breach of Trust Case and the Probate Case have been appealed to and

decided by the Kansas Court of Appeals and the Kansas Supreme Court.  As a result, the

ruling that the 2004 Will would be admitted to probate has become a final decision, and

significant guidance has been given about the issues in the Breach of Trust Case.[8]

On May 24, 2017, The Bank of Tescott filed a foreclosure action against Debtor in

Ottawa County, Kansas District Court (the Foreclosure Case).[9]  In Debtor's Amended

Answer and Counterclaim filed on August 1, 2017, he asserted the affirmative defenses of

breach of contract, offset, unclean hands, waiver, and estoppel, as well as counterclaims

against The Bank of Tescott for conversion, tortious interference with contract rights,

breach of fiduciary duty, and breach of the duty of good faith and fair dealing.[10]  The

---

[7] Case no. 2008-PR-00001, District Court of Ottawa County, Kansas.

[8] The decision of the Kansas Supreme Court holding that the district court erred when granting summary judgment against Debtor in the Breach of Trust Case is reported as *Boucek v. Boucek*, 297 Kan. 865, 305 P.3d 597 (2013).

[9] Case no. 2017-CV-000013, District Court of Ottawa County, Kansas.

[10] The Court reads Debtor's amended counterclaim complaint as seeking a money judgment in an amount in excess of any judgment Tescott might obtain against Debtor.

claims for tortious interference and breach of fiduciary duty have since been waived.[11]

These affirmative defenses and counterclaims arise out of the same family dispute

described above.

## DEBTOR'S MOTION FOR SUMMARY JUDGMENT IN THE BREACH OF TRUST CASE

Relying on the Kansas Supreme Court's ruling in this Breach of Trust Case, on

December 7, 2016, Debtor filed a motion for partial summary judgment in the Ottawa

County District Court. The Defendants timely responded, and Debtor filed a reply. The

motion was argued before the Honorable Jack L. Burr, a retired judge, on July 20, 2017,

but no opinion was issued before the case was removed to this Court.

## DEBTOR'S BANKRUPTCY FILING AND NOTICES OF REMOVAL

Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code on

March 20, 2018. Debtor filed his notice of removal of the Breach of Trust Case on May

1, 2018. Debtor also removed the Probate Case and the Foreclosure Case.

## THE DEFENDANTS' MOTIONS FOR ABSTENTION AND REMAND, AND DEBTOR'S RESPONSE

Debtor's notice of removal alleges removal is appropriate under 28 U.S.C.

§ 1452(a), which provides in part that "[a] party may remove any claim or cause of action

in a civil action . . . to the district court for the district where such civil action is pending,

if such district court has jurisdiction of such claim or cause of action under section 1334

---

[11] Case no. 18-40249, doc. 53 at 8; *see also* Adv. no. 18-7014, doc. 22 at 3-4.

6

of this title." Section 1334(a) provides that the district court has original and exclusive jurisdiction of all cases under title 11 (the Bankruptcy Code), and § 1334(b) provides that, generally, the district court has original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. The United States District Court for the District of Kansas has exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all cases under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code.

The Defendants do not challenge the basis for removal of the Breach of Trust Case. However, they contend that the case is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2) and permissive abstention under 28 U.S.C. § 1334(c)(1), and to remand under 28 U.S.C. § 1452(b). Debtor responds that the three removed actions are intertwined, and that multiple considerations require the Court not to abstain or remand this case.

**ANALYSIS**

**A. The elements of mandatory abstention are present.**

The mandatory abstention statute that applies to bankruptcy jurisdiction, 28 U.S.C. § 1334(c)(2), provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent

7

> jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[12]

The section applies only to proceedings that are related to a case under title 11. "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered.'"[13] "Mandatory abstention applies when all of the following elements are present: (1) the motion to abstain was timely; (2) the action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; [and] (6) the matter is non-core."[14]

The first element is present. The motions were filed 21 days after the notice of removal. Judge Nugent has found that a motion for abstention and remand filed 21 days after the notice of removal was timely.[15] This Court's local bankruptcy rules require a motion to remand to be served within 21 days following the filing of the notice of

---

[12] 28 U.S.C. § 1334(c)(2).

[13] *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

[14] *Telluride Asset Resolution, LLC, v. Telluride Global Development, LLC (In re Telluride Income Growth LP)*, 364 B.R. 390, 398 (10th Cir. BAP 2007).

[15] *Western Credit, Inc., v. Shareholders of Rosland Livestock, Inc. (In re Cooper)*, 2016 WL 3564409 at *2 (Bankr. D. Kan. June 22, 2016).

8

removal.[16] The Defendants' motions were timely.

The second and third elements are present. Debtor's claims against the Defendants are based exclusively on state law, and the Breach of Trust Case was initially filed in state court.

The fourth element — whether the case can be timely adjudicated in state court — requires extended discussion. "The burden of proving timely adjudication is on the party seeking abstention."[17] "Timely adjudicated" is not defined in the statute. When determining timeliness, case law focuses on "whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case."[18] The relevant factors as identified by the Tenth Circuit Bankruptcy Appellate Panel are: "(1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed . . . ; (3) status of the proceeding in bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying case is a reorganization or liquidation case."[19]

As to the first timeliness factor, there is no significant backlog of cases in this

---

[16] D. Kan. LBR 9027.1(b) (March 2018).

[17] *Midgard*, 204 B.R. at 778.

[18] *Id. See* 1 *Collier on Bankruptcy*, ¶ 3.05[2] at 3-75 ("The few cases considering the issue hold that timeliness must be referenced against the needs of the title 11 case, rather than against an absolute time guideline.").

[19] 204 B.R. at 778-779.

9

Court. Since it appears that if this Breach of Trust Case is remanded, there may be a change in the state court judge assigned to the case, the backlog in state court is not known. As to the second and third factors, this case has been pending in the state court for 12 years, and discovery is complete. The case is new to this Court, and extensive examination of the state court record would be required before it could proceed. As to the fourth factor, the case is factually complex, but considerable guidance has been provided by the Kansas Supreme Court. As to the fifth factor, the Defendants have not filed notices stating whether they consent to the entry of final orders by this Court.[20] As to the sixth factor, there is no demand for a jury trial. As to the seventh factor, the case is a reorganization case under Chapter 12, but a plan could be proposed before the outcome of this litigation is known, since the primary impact of a decision will be to establish the value of assets available to fund a plan. After considering all of these factors, the Court finds that the case can be decided by the state court as quickly as it could be decided by this Court. The Court finds no unfavorable effect on the bankruptcy case from allowing this Breach of Trust Case to proceed in the state court.

The fifth element required for mandatory abstention is present. There is no federal jurisdiction other than bankruptcy jurisdiction under 28 U.S.C. § 1334. The parties are not of diverse citizenship, and none of the causes of action arose under federal law.

As to the sixth element required for mandatory abstention, the Court concludes

---

[20] *See* Fed. R. Bank. P. 9027(e)(3). *But see* Fed. R. Bankr. P. 7016(b) (Pretrial procedure includes the court deciding, on its own motion or a party's timely motion, whether to hear and decide the proceeding, or to hear the proceeding and issue proposed findings of fact and conclusions of law).

10

that the Breach of Trust Case is non-core. It satisfies the definition of related-to

proceedings. It was filed in the state court independently of the bankruptcy case, but the

outcome will have an effect on Debtor's Chapter 12 bankruptcy case. The Court does not

accept Debtor's argument that the Breach of Trust Case is core because the claims

asserted are property of the estate, or because Debtor's former counsel has filed a proof of

claim asserting an attorney's lien in the proceeds of the litigation. "Related proceedings

'include . . . causes of action owned by the debtor which become property of the estate

pursuant to 11 U.S.C. § 541.'"[21] Although the determination of the validity of an

attorney's lien in property of the estate may be a core proceeding, this does not mean that

the litigation of the merits of the underlying disputes is a core proceeding; the merits of

Debtor's claim against the Defendants and the validity of the attorney's lien are

independent matters.

The Court therefore finds that the Defendants have shown that all of the elements

required for mandatory abstention are present and mandatory abstention is applicable.

**B. Permissive abstention is appropriate even if mandatory abstention does not apply.**

If the Court is wrong and mandatory abstention is not applicable, the Court would

nevertheless abstain under 28 U.S.C. § 1334(c)(1), which provides for permissive

abstention as follows:

> Except with respect to a case under chapter 15 of title

---

[21] *Midgard*, 204 B.R. at 771 (*quoting Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5 (1995)).

11

11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Permissive abstention applies to core and non-core proceedings, including those non-core proceedings that are within the ambit of mandatory abstention. "Even if abstention is not mandatory, § 1334(c)(1) permits a bankruptcy court to exercise its discretion to abstain when doing so would be in the interest of justice, or in the interest of comity or respect for state law."[22] "The primary concern should be whether the federal bankruptcy objectives will be properly served if the bankruptcy court cedes jurisdiction to a state court or whether duplication of effort and delay may be a consequence of abstention."[23]

Federal courts have developed a laundry list of relevant factors to consider in deciding whether to permissively abstain. In *Lunt*, this Court listed them as follows:

> 1. the effect or lack of effect on the efficient administration of the estate if a court abstains;
> 2. the extent to which state law issues predominate over bankruptcy issues;
> 3. the difficulty or unsettled nature of the applicable state law;
> 4. the presence of a related proceeding commenced in the state court or other nonbankruptcy court;
> 5. the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334;
> 6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> 7. the substance rather than form of an asserted "core" proceeding;

---

[22] *In re Cooper*, 2016 WL 3564409 at *2.

[23] 1 William L. Norton III, *Norton Bankr. L. & Prac. 3d*, § 8:6 at 8-28 (Thomson Reuters 2018).

12

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. the burden on the bankruptcy court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the existence of a right to a jury trial;
12. the presence in the proceeding of nondebtor parties; and
13. any unusual or other significant factors.[24]

The relevance of the factors will depend on the particular circumstances of each case.[25] When most of the criteria for mandatory abstention are present, permissive abstention should be seriously considered.[26]

As to the first factor, the Court is not convinced that abstaining and remanding this proceeding to the state court would necessarily delay either this Breach of Trust Case or Debtor's bankruptcy case. As to factors two and three, state law clearly predominates, but most of the state law issues have been settled by the ruling of the Kansas Supreme Court. As to factor four, this Breach of Trust Case is related to two other removed cases, which this Court is determining in separate opinions should be remanded to the state court. As to factor five, there is no basis for federal jurisdiction other than 28 U.S.C. § 1334. As to factor six, the Breach of Trust Case is not directly related to the main bankruptcy case, since its only impact is in defining the assets available to fund a

---

[24] *In re Lunt*, 2011 WL 1656404 at *1-2 (Bankr. D. Kan. May 2, 2011).

[25] 1 *Norton Bankr. L. & Prac. 3d*, § 8:6 at 8-28.

[26] *Id.*

13

reorganization plan, the terms of which can be proposed without knowing the exact amount that will be available for distribution. As to factors seven and eight, there are no core claims involved. As to factor nine, this Court's docket can accommodate the proceeding if abstention is denied. As to factor ten, Debtor's removal of the Breach of Trust Case promptly after the filing of his bankruptcy petition might have amounted to forum shopping, but this case is related to the Foreclosure Case the Debtor also removed. It is not unusual for debtors to file bankruptcy after state court foreclosure proceedings have been filed against them. As to factor 11, none of the parties have requested a jury trial. As to factor 12, all of the Defendants are non-debtor parties who have no interest in Debtor's bankruptcy case.

An unusual factor supporting permissive abstention in this Breach of Trust Case is the length of time it has been pending in the state court. It was filed on September 6, 2006, approximately 12 years ago. This Court is reluctant to insert itself into this long-standing state litigation. Another unusual factor is how closely related the Foreclosure Case is to this case. The Court is determining in a separate opinion that the Foreclosure Case must be remanded. Judicial economy is best served and the possibility of inconsistent results is removed by having one court decide both cases, and the state court is better suited for that function.

When weighing these factors regarding permissive abstention, the Court places the most emphasis on the fact that this is not a core proceeding, and most, if not all, of the elements required for mandatory abstention are present. Further, the Court finds the long

history of this case in the state court, its somewhat limited impact on Debtor's bankruptcy

case, and its close relationship to the Foreclosure Case all weigh strongly in favor of

abstention. Federal bankruptcy objectives will be properly served if the case is remanded.

There will be no duplication of effort, and the Court does not foresee delay as a result of

abstention.

## C. Remand

Subsection (b) of 28 U.S.C. § 1452 provides for the remand of claims and causes

of action that have been removed to a federal district court. It provides: "The court to

which such claim or cause of action is removed may remand such claim or cause of action

on any equitable ground." One equitable ground is a finding that the court should or must

abstain under 28 U.S.C. § 1332(c)(1) or (2).[27] The Court therefore grants remand under

28 U.S.C. § 1452(b) since it has found abstention is required under 28 U.S.C.

§ 1334(c)(2), or at least appropriate under § 1334(c)(1). It also notes that considerations

---

[27] In addition, courts consider a number of factors, which one commentator says include the
following:
>  1. Whether judicial resources will be duplicated;
>  2. What is the most economical use of judicial resources;
>  3. What will be the effect of remand on the administration of the
>  bankruptcy estate;
>  4. Whether questions of state law, which are better addressed by state court, are
>  involved;
>  5. Whether considerations of comity exist;
>  6. The degree of prejudice, if any, to the involuntarily removed party;
>  7. Whether the possibility of an inconsistent result is lessened by remand;
>  and
>  8. The expertise of the court where action originated.

1 *Norton Bankr. L. & Prac.*, § 7:2 at 7-14 to 7-16.
   These factors are similar to those considered when evaluating permissive abstention under 28
U.S.C. § 1334(c)(1), and their application would further support remand of the Probate case to the state
court.

15

of comity very strongly support remanding the case.

**CONCLUSION**

For the foregoing reasons, the Court grants the Defendants' motions to abstain and remand this adversary proceeding to the District Court of Ottawa County, Kansas.

**IT IS SO ORDERED.**

# # #